Oscar STILLEY *v.* Sharon PRIEST, In Her Official Capacity as Secretary of State of the State of Arkansas

99-1387 12 S.W.3d 189

Supreme Court of Arkansas
Opinion delivered January 27, 2000

*Petitioner*, pro se.

*Mark Pryor*, Att'y Gen., by: *Dennis Hansen*, Ass't Att'y Gen., for respondent.

PER CURIAM. On November 29, 1999, petitioner Oscar Stilley filed an original action, requesting our court to enter a declaratory judgment determining the legality of the sufficiency of the ballot title and popular name of a proposed constitutional amendment attached with an initiative petition filed by the Arkansas Casino Corporation (ACC) with the Secretary of State. Stilley seeks the relief under Amendment 7 to the Arkansas Constitution and Act 877 of 1999 (codified at Ark. Code Ann. §§ 7-9-501 – 7-9-506 (Supp. 1999)). He contends the popular name and ballot title of ACC's proposed constitutional measure are materially incomplete, deficient, and defective. The respondent Secretary of State filed a motion to dismiss Stilley's action on December 22, 1999, arguing that (1) this court lacks subject-matter jurisdiction, (2) Stilley has failed to exhaust his remedies, and (3) Stilley's action is not ripe for review by this court until the Secretary of State has completed her review of ACC's initiative petition as required by Act 877.

Once ACC filed its initiative petitions, a taxpayer and voter, like Stilley, was authorized to petition the Secretary of State to determine the legal sufficiency of ACC's initiative petitions. § 7-9-503(a)(1). The taxpayer was then required to notify ACC, by certified mail, that he had filed a petition for sufficiency determination. § 7-9-503(a)(2). Thirty days after receipt of the taxpayer's petition, the Secretary of State, after consultation with the Attorney General, must decide and declare the following issues:

> (1) Whether the popular name and ballot title of the measure are fair and complete; and

> (2) Whether the measure, if subsequently approved by the electorate, would violate any state constitutional provision or any

federal constitutional, statutory, or regulatory provision or would be invalid for any other reason.

After deciding the foregoing issues, the Secretary of State must, in writing, notify the taxpayer and the measure's sponsor of her decisions. § 7-9-503(d).[1] If the Secretary of State declares the popular name or ballot title on the initiative measure legally insufficient, the sponsor — here ACC — may then attempt to cure that insufficiency. § 7-9-504(a).[2] After the Secretary of State issues her decision, the petitioner/taxpayer (Stilley), sponsor of the measure (ACC), and any Arkansas taxpayer and voter shall have the right to petition our court to review the Secretary of State's decisions. § 7-9-505.

In this case, ACC complains that Stilley never filed a petition with the Secretary of State questioning the popular name and ballot title of ACC's initiative measure. Instead, after ACC filed its initiative petitions, the Attorney General issued an opinion on August 31, 1999, approving and certifying ACC's measure's popular name and ballot title, which the Secretary of State immediately approved and certified, as well. Rather than follow the Act 877 procedures discussed above that requires a taxpayer to petition the Secretary of State, requesting her to determine the legal sufficiency of ACC's initiative petitions, Stilley waited until after the Attorney General and the Secretary of State approved ACC's proposed measure's popular name and ballot title before raising any question concerning ACC's initiative petition's legal sufficiency. Moreover, he did so by filing an original action in this court, rather than petitioning our court for review as is provided under § 7-9-505.

 Stilley clearly failed to follow the dictates of Act 877 as we have fully set out above, thus we are unable to address the ballot-title and popular-name issues he seeks to resolve by original action in this court. On January 25, 2000, Stilley actually arrived at this result by joining in a motion with the Secretary of State to dismiss this action. Of course, we agree with Mr. Stilley's and the Secretary

---

[1] Section 7-9-503(d) specifically limits the Secretary of State to review and decide the two issues set out above in § 7-9-503(b) and *excludes questions regarding the sufficiency or validity of the initiative petitions* — here submitted by ACC. (Emphasis added.)

[2] Within fifteen days after a correction or amendment is filed with the Secretary of State, the Secretary of State must notify the taxpayer and sponsor of the measure, Stilley and ACC, of her declaration by certified mail when her decision is issued § 7-9-504(b).

of State's joint motion. Therefore, we dismiss this case without prejudice.

In dismissing the action, we feel obliged to point out the case of *Finn v. McCuen*, 303 Ark. 418, 798 S.W.2d 34 (1990), where the court considered Act 280 of 1989 (codified at Ark. Code Ann. § 7-9-107(e) (Repl. 1993)), and which, like Act 877 of 1989, established an early timetable by which an initiative measure's popular name and ballot title could be certified by the Secretary of State and reviewed by the Supreme Court. In a split decision, the *Finn* court held Act 280 unconstitutional, because the Act purported to permit this court to review a decision of the Secretary of State with respect to the ballot-title portion of an initiative petition; however the only authority given this court by Amendment 7 is the authority to review the Secretary of State's certification of a "petition" which includes both the ballot title *and* the signatures.[3] The *Finn* case is still cited as precedent. *Roberts v. Priest*, 334 Ark. 503, 975 S.W.2d 850 (1998), *but see* GLAZE and CORBIN, JJ., concurring.

---

[3] In 1995, the General Assembly tried to remedy this ballot title/popular name problem by a proposed Constitutional Amendment 3, but that proposed amendment was defeated at the November 5, 1996, General Election. In view of the rationale in the *Finn* case, the question arises whether an act like Act 877 of 1999 passes constitutional muster.